IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Clarksburg Division)

ELECTRONICALLY FILED
Apr 05 2022
U.S. DISTRICT COURT
Northern District of WV

**REBECCA WINE and JOHN WINE,**

      Plaintiffs,

v.                                                       Civil Action No. 2:22-CV-3
                                                          The Honorable Thomas S. Kleeh

**MOHAMED ZUHAIR**
    *Serve on*:
    9451 Lee Way Apt. 605
    Fairfax, VA 22031

    and

**MANSOURI, INC. d/b/a FAIRFAX KIA**
    10595 Fairfax Blvd.
    Fairfax, VA 22030
    *Serve Upon*:
    Mr. Sohil Mansourimoaied
    Corporate Officer
    Mansouri, Inc. d/b/a Fairfax Kia
    10595 Fairfax Blvd.
    Fairfax, VA 22030

      Defendants.

## COMPLAINT

Plaintiffs, Rebecca Wine and John Wine, by their undersigned counsel, brings this Complaint against Mohamed Zuhair and Mansouri, Inc. d/b/a Fairfax Kia ("Defendants"), and state as follows:

## THE PARTIES

1. Plaintiff Rebecca Wine ("Becky") is a West Virginia resident living, at all times pertinent to this civil action, in Upshur County, West Virginia.

2. Plaintiff John Wine is a West Virginia resident living, at all times pertinent to this civil action, in Upshur County, West Virginia.

3. Defendant Mohamed Zuhair is a Virginia resident living, at all times pertinent to this civil action, in Fairfax County, Virginia.

4. Defendant Mansouri, Inc. d/b/a Fairfax Kia is a Virginia corporation with a principal place of business in Fairfax County, Virginia.

## JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiffs are West Virginia residents. Defendant Zuhair is a Virginia resident and Defendant Mansouri, Inc. d/b/a Fairfax Kia is a Virginia corporation with its principal place of business in Virginia. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in Lewis County, West Virginia

## FACTS COMMON TO ALL COUNTS

7. On May 8, 2020, Becky Wine was in the passenger seat of her 2016 Nissan Rogue on U.S. Route 33 in Lewis County, West Virginia. Her mother, Betty Claypool, was driving and her sister, Barbara Claypool, was in the back seat.

8. At approximately 11:29 a.m., Plaintiffs' vehicle was traveling about 55-60 mph in the right-hand lane.

9. At that time, the driver of her vehicle, Betty Claypool, noticed two vehicles approaching quickly from the rear.

10. One vehicle passed Plaintiffs' vehicle at a high rate of speed in the left-hand lane.

11. At that same instant, a 2020 Hyundai Tucson SUV, operated by Defendant Mohamed Zuhair, and owned by Defendant Mansouri, Inc. d/b/a Fairfax Kia (hereinafter "Defendants' vehicle"), attempted to pass her on the right-hand berm while traveling at approximately 80 mph in a marked 65 mph zone.

12. While attempting to pass at high speed on the berm, Defendants' vehicle struck the back passenger side wheel of Plaintiffs' vehicle.

13. The collision caused Defendants' vehicle to flip onto its side, slide along the road against the guardrail, and the forward momentum caused it to pass Plaintiffs' vehicle as it skidded along the pavement. After getting in front of Plaintiffs' vehicle, the Defendants' Hyundai Tucson SUV flipped several times before coming to rest.

14. Immediately after the collision, Becky began having pain in her neck, back, and left hip.

15. The investigating officer cited Mr. Zuhair for the following:

| Citation(s) Issued to Driver: | | |
|---|---|---|
| Charge | State Code / Municipal Ordinance | Citation Number |
| RECKLESS DRIVING | 17C-5-3 | SP5702020020013 |
| NO PROOF INSURANCE | | SP5702020020013 |

16. The officer noted that Mr. Zuhair's actions which contributed to the collision included: (1) he ran off the road; (2) he drove too fast for the conditions; (3) he operated his vehicle in an erratic, reckless or careless manner; and (4) he operated his vehicle in aggressive manner.

17. Mr. Zuhair admitted to the officer that he was driving "approximately 80 mph" and that he "was not really paying attention."

18. Upon information and belief, Defendant Mohamed Zuhair was operating the Defendants' Hyundai Tucson SUV within the scope of his employment at the time of the subject motor vehicle collision described above.

19. Plaintiff Becky Wine suffered severe injuries which still plague her to this day.

20. Plaintiff Becky Wine's injuries to her neck and lower back are permanent in nature and will require significant future medical care at great cost.

21. Plaintiff John Wine is the husband of Becky Wine.

22. Plaintiff John Wine has suffered a loss of his spouse's consortium, consisting of loss of the love, support, household services, and physical relations that are a fundamental part of a marriage.

23. As a direct result of Defendants' actions and/or inactions, Plaintiff Becky Wine has suffered medical expenses totaling more than $53,000.00.

24. As a direct result of Defendants' actions and/or inactions, Plaintiff Becky Wine has suffered travel expenses to medical appointments totaling more than $2,000.00.

25. As a direct result of Defendants' actions and/or inactions, Plaintiff Becky Wine has suffered pain, suffering, mental anguish, embarrassment, and loss of the enjoyment of life, in an amount to be determined by a jury.

26. As a direct result of Defendants' actions and/or inactions, Plaintiff Becky Wine is expected to incur future medical expenses in an amount to be proven at trial.

27. As a direct result of Defendants' actions and/or inactions, Plaintiff Becky Wine claims an entitled to prejudgment interest totaling over $7,000.00.

28. As a direct result of Defendants' actions and/or inactions, Plaintiff Becky Wine suffered and will continue to suffer pain, suffering, embarrassment, inconvenience, annoyance, and loss of enjoyment of life.

29. The claims at issue in this lawsuit far exceed the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

## COUNT I – NEGLIGENCE

30. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. Defendant Mohamed Zuhair owed a duty to all motorists on Route 33 in Lewis County, West Virginia at the time of the subject collision to operate Defendants' vehicle in a reasonable and safe manner.

32. Defendant Mohamed Zuhair breached that duty when his vehicle struck the vehicle in which Becky Wine was a passenger on May 8, 2020.

33. Upon information and belief, Defendant Mansouri, Inc. d/b/a Fairfax Kia is liable to Plaintiffs under a *respondeat superior* theory of liability.

34. As a proximate result of Defendants' negligent conduct, Becky Wine suffered, and continues to suffer, personal injuries, medical bills, pain and suffering, embarrassment, emotional distress, and loss of enjoyment of life.

## COUNT II – PUNITIVE DAMAGES

35. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. As noted by the investigating officer, Defendant Mohamed Zuhair acted in a reckless manner in operating Defendants' vehicle at the time of the subject collision.

37. Defendant Mohamed Zuhair acted in a grossly negligent manner in operating Defendants' vehicle at the time of the subject collision.

38. Upon information and belief, Defendant Mansouri, Inc. d/b/a Fairfax Kia is liable to Plaintiffs for Mr. Zuhair's reckless and/or grossly negligent misconduct under a *respondeat superior* theory of liability.

39. Upon information and belief, Defendant Mansouri, Inc. d/b/a Fairfax Kia knew, or should have known, that Mr. Zuhair was not a safe and responsible driver and that he may engage in reckless and/or grossly negligent misconduct.

40. As a proximate result of Defendants' reckless and/or grossly negligent misconduct, Plaintiffs Becky Wine and John Wine suffered damages.

41. Accordingly, punitive damages are appropriate to punish Defendants for their actions and to deter other similarly situated individuals and businesses from engaging in similar misconduct.

## COUNT III – LOSS OF CONSORTIUM

42. Plaintiffs re-allege and incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. Plaintiff John Wine is the husband of Becky Wine.

44. As a proximate result of the injuries suffered by Plaintiff Becky Wine, Plaintiff John Wine has suffered a loss of spousal consortium, consisting of loss of the love, support, household services, and physical relations that are a fundamental part of a marriage.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(A) Past and future medical expenses, loss of household services, and any other compensatory damages recoverable by law in an amount to be determined by the jury;

  (B) Past and future general damages for physical pain, suffering, emotional distress, fright, humiliation, fear, embarrassment, permanent injury, loss of enjoyment of life and any other general damage recoverable by law in an amount to be determined by the jury;

  (C) Loss of spousal consortium;

  (D) Prejudgment and post judgment interest; and

  (E) Such other and general and specific relief as may become apparent as this matter progresses to trial.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Dated this 5th day of April, 2022.

/s/ *David E. Goddard*
David Goddard
Goddard Law PLLC
7-C Chenoweth Drive
Bridgeport, WV 26330
(304) 933-1411 (o)
(855) 329-1411 (f)
Dave@GoddardLawWV.com
*Counsel for Plaintiffs*